Dear Ms. Moore:
Your request for an Attorney General's opinion has been forwarded to me for research and reply. Specifically, you ask the following questions:
 1. In order for a constable to appear in justice of the peace court does the court need to serve the constable with a summons?
 2. If proper notice is not given to a constable for a court appearance can a justice of the peace hold the constable in contempt of court or have charges filed against him for malfeasance for failing to appear?
 3. When should a constable receive half of the court costs which are collected by the justice of the peace as court fees?
 4. If a constable investigates a littering complaint and decides on a particular course of action but the justice of the peace takes another course of action, what is the constable to do?
 5. Should a constable appear at all court cases his/her justice of the peace is holding? What happens if the constable is unable to appear due to job conflicts? Is it mandatory for a constable to appear for all court cases he/she has served for his justice of the peace?
 6. Can a justice of the peace in a particular ward compel a constable from another ward to appear in court? What about from another parish?
With regard to the first question, La.R.S. 13:3478 states in pertinent part, "the justice of the peace should use constables in his or her ward for all matters, including service of process, rather than the sheriff." If the constable is to be used for all process serving, common sense dictates that a constable cannot be required to be served with a summons to appear in justice of the peace court since the constable would have to serve himself.
The answer to your second question is also answered by using common sense along with statutory provisions. According to La.R.S. 13:3478, the justice of the peace must use constables or deputy constables for the ward in which they are elected or appointed whenever possible to execute all orders, citations, summons, seizures and writs in civil cases. There is no provision for actual service of process for the constable to receive notice to appear in court and there is no definition of what is proper notice for a constable.
According to La.R.S. 13:3477, the inability or refusal of a constable to act may be because of relationship, sickness or other causes in civil suits. This provision allows the justice of the peace to appoint a special deputy constable or to utilize the sheriff's office to serve papers. If the constable at issue will not perform these duties and his nonperformance does not fall within one of the named exceptions, the constable may be charged with malfeasance in office. See La.R.S. 14:134.
With regard to your third question, La.R.S. 13:2590(B) requires that fifty percent of fees and deposits be used for fees and operational expenses of the constable's office. What device the justice of the peace uses to disburse these monies is left to his determination. Whatever the manner used, the sum of disbursement must equal fifty percent of the total fees collected for all filings and services.
Your fourth question is answered by La.R.S. 13:2586(C)(2) which gives the justice of the peace concurrent jurisdiction with the district court over litter violations and allows for a trial for a violation of a litter ordinance to be in a justice of the peace court. The constable is given the authority to issue summons and serve subpoenas for these violations, but only the justice of the peace is given the authority to impose a penalty.
In your fifth question you ask if a constable can be required to attend justice of the peace court. The answer to this question is "yes." You are directed to La.C.Cr.P. Art. 17 which states that a court possesses inherently all powers necessary for the exercise of its jurisdiction and the enforcement of its lawful orders. A court, including a justice of the peace court, has the power to punish anyone, including a constable, for contempt if he or she interferes with the court's duty to conduct proceedings with dignity and in an orderly and expeditious manner. Therefore, if the justice of the peace requires the constable to attend, he may be held in contempt if he does not comply.
The answer to your last question is "no". According to the Louisiana Supreme Court in New York Press Co. v. Salter, 129 La. 51, 55, So. 706 (La. 1911):
 A justice of the peace whose jurisdiction is, in general, confined within the limits of a particular ward of a parish has no authority to compel a person residing in another ward to appear and testify before him . . . and cannot lawfully punish such person for contempt for refusing so to testify.
Therefore, a justice of the peace has no power to compel a constable from another ward or parish to appear in his court.
We trust this sufficiently answers all of your questions. However, if you should need anything further, do not hesitate to contact this office
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________________ FRANCES J. PITMAN ASSISTANT ATTORNEY GENERAL
RPI:FJP:sc
DATE RECEIVED: 01-27-03 B.R. DATE RECEIVED: 01-27-03 SH
DATE RELEASED: October 1, 2003